IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE ROBERTSON,<br>    ID # 47927-177,<br>        Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>No. 3:19-CV-2902-B (BH)<br>No. 3:14-CR-63-B-1<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on December 23, 2019 (doc. 5). Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

### I. BACKGROUND

Blake Robertson (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-63-B-1. The respondent is the United States of America (Government).

On February 19, 2014, Movant was charged by indictment with: (1) conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (count one); (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two); and (3) carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119, 2 (count three). (*See* doc. 1).[2] On January 15, 2015, he pled guilty to counts one, two, and three. (*See* docs. 111, 112, 122, 131, 140.) He was sentenced to a total aggregate term of 136 months' imprisonment by

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-63-B-1.

judgment was entered on August 14, 2015.[3] (*See* doc. 185 at 2.) He did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

Movant filed a motion seeking relief from his sentence under Rule 60(b) of the Federal Rules of Civil Procedure, signed on December 2, 2019, alleging that relief was warranted due to extraordinary circumstances because he received ineffective assistance of counsel during his criminal case, and his guilty plea was involuntary. (*See* doc. 202.) On December 9, 2019, his motion was construed as a motion to vacate under 28 U.S.C. § 2255, and he was provided the proper warnings under *Castro v. United States*, 540 U.S. 375, 383 (2003). (*See* doc. 204.) The Clerk's Office was instructed to open a new § 2255 case, docket a copy of the Court's order and the related motion in the new case, terminate the pending motion in the criminal case, and mail Movant the standard form for cases filed under § 2255. (*See id.*) Movant was given 30 days to file either an amended § 2255 motion raising all of his grounds, or a notice that he intended to dismiss his § 2255 motion.

Movant's amended § 2255 motion, signed on December 16, 2019, was received on December 23, 2019. (*See* 3:19-CV-2902-B-BH, doc. 5.) It alleges: (1) his guilty plea was made involuntarily and was the result of ineffective assistance of counsel; (2) his guilty plea was not knowingly made; (3) the prosecutor failed to disclose evidence, which rendered his conviction unconstitutional; and (4) he received ineffective assistance of counsel and the court erred, which deprived him of a considerable sentence reduction under "The Justice Safety Act." (*See id.*, doc. 5 at 6-7.) Received on the same date was Movant's motion for extension of time to "perfect his

---

[3] He was sentenced to 52 months' imprisonment on counts one and three, which were ordered to run concurrently. (*See* doc. 185 at 2.) He was sentenced to 84 months' imprisonment on count two, and it was ordered to run consecutive to all other counts. (*See id.*)

2255 petition," and for copies of all documents and transcripts related to his underlying criminal case. (*See id.*, doc. 4.) Because Movant simultaneously filed his § 2255 motion, the motion for extension of time was deemed moot, and the request for copies was denied. (*See id.*, doc. 6.)

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A.    Calculation of One-Year Period**

With regard to § 2255(f)(1), Movant's judgment became final on August 28, 2015, when the fourteen-day time to appeal the August 14, 2015 judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing a 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner does not appeal a conviction, it becomes final

for purposes of § 2255 upon the expiration of time to file an appeal). The limitations period expired on August 28, 2016. Movant does not allege that government action prevented him from filing a § 2255 motion earlier under § 2255(f)(2). The facts supporting Movant's claims arose before his conviction became final, so § 2255(f)(4) does not apply.

As for § 2255(f)(3), Movant argues that the Sixth Circuit Court of Appeals' holding in *United States v. Barron*, 940 F.3d 903 (6th Cir. 2019), has been applied in the Fifth Circuit, is applicable to his sentence, and offers him relief. (*See* 3:19-CV-2902-B-BH, doc. 5 at 12.) In *Barron*, the Sixth Circuit held that possession of a firearm by a co-conspirator did not render the defendant ineligible for relief under the safety valve exception to the statutory minimum sentence, recognizing a similar holding in the Fifth Circuit in *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997). 940 F.3d at 914-15 & 914 n.2. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because Movant relies on a Sixth Circuit case, not a Supreme Court case made retroactively applicable to cases on collateral review, § 2255(f)(3) does not apply.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, he had until August 28, 2016, to file his § 2255 motion. He did not file his § 2255 motion until December 2, 2019, when he signed his petition.[4] It is untimely in the absence of equitable tolling.

**B.    Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (mem.) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant argues that "[t]his motion is timely because it is being raised at the earliest possible time following discovery of the extraordinary circumstances that justify relief," which are raised in his motion (*See* 3:19-CV-2902-B-BH, doc. 5 at 13.) The facts underlying his first three claims relating to his plea and prosecutorial misconduct arose prior to judgment. (*See id.*, doc. 5 at 6.) His fourth claim of ineffective assistance of counsel appears to arise from counsel's failure to rely on the Sixth Circuit's holding in *Barron*. (*See id.*, doc. 5 at 7.) *Barron* was not issued until

5

October 15, 2019; counsel is not deemed ineffective for failing to predict the development of the law. *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) ("Counsel is required to research facts and law and raise meritorious arguments based on controlling precedent, . . . but the law of this circuit is clear that counsel need not anticipate changes in the law[.]"); *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."). Moreover, *Barron* is not binding in this circuit.

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. "The Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief." *United States v. Morfin*, 2007 WL 837276, at *3 (N.D. Tex. Mar. 20, 2007) (movant not entitled to equitable tolling based on counsel's failure to inform movant about the one-year statute of limitations for § 2255 motions); *see also United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the [equitable] tolling decision because a prisoner has no right to counsel during post-conviction proceedings[;] . . . [m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"). Ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Movant has not demonstrated that he was diligent in filing his § 2255 motion. He is therefore not entitled to equitable tolling, and his § 2255 motion is untimely.

C.   **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even

where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031, at *3 (N.D. Tex. March 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Movant does not allege that he is actually innocent.

In fact, he concedes he played a "minimal to minor role in the offense." (*See* 3:19-CV-2902-B-BH, doc. 5 at 7.) He has therefore failed to overcome the statute of limitations, and his motion is time-barred.

## III. RECOMMENDATION

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 30th day of March, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE